IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUMBERTO ADAN DELEON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE CITY OF BAYTOWN; JASON STOVER; JAVIER GALINDO; TROY A. CRAWFORD | § | CIVIL ACTION NO. 4:19-CV-1067 |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants The City of Baytown, Jason Stover, Javier Galindo, and Troy A. Crawford notice the removal of this suit from the 269th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

### I.   SUMMARY AND ALLEGATIONS IN THE PLEADINGS

1. On February 15, 2019, Plaintiff Humberto Adan Deleon filed this case, *Humberto Adan Deleon v. The City of Baytown Jason Stover, Javier Galindo, and Troy A. Crawford*, Cause No. 2019-11867, in the 269th District Court of Harris County, Texas ("state court"), against Defendants.

2. The United States District Courts have jurisdiction over this case because there is a federal question.  28 U.S.C. 1331.

3. This is a 42 U.S.C. § 1983 case resulting from the arrest of Plaintiff in February 2017 during the course of a traffic stop.  Plaintiff's Petition alleges Defendants unlawfully arrested him and used excessive force against him in violation of 42 U.S.C. § 1983.  Petition at Counts III

and IV.  Plaintiff further alleges claims of negligence and negligent hiring/training/supervision against Defendants based on their actions during his arrest.  *Id.* at Counts I and II.

4. Because Plaintiff alleges unlawful arrest and excessive force claims under 42 U.S.C. § 1983, one or more of Plaintiff's claims "arise under the Constitution, laws, or treaties of the United States."  42 U.S.C. § 1331.

5. Further, this Court has jurisdiction over Plaintiff' common law state claims of negligence and negligent hiring/training/supervision pursuant to 42 U.S.C. § 1367 because these claims are so related to the federal claims that "they form part of the same case or controversy under Article III of the United States Constitution."  42 U.S.C. § 1367.

## II.  PROCEDURAL REQUIREMENTS FOR REMOVAL

6. Plaintiff's Petition was filed on February 15, 2019.  Defendant the City of Baytown was served on February 27, 2019 and was the first Defendant served.  Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within thirty days of receipt of the initial pleading setting forth a claim for relief.  *Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 119 S. Ct. 1322, 1328-29 (1999). Further, all Defendants join/consent to this removal

7. Pursuant to Local Rule 81 and 28 U.S.C. §1446(a), Defendants attach the following documents:

>   (1) an index of matters being filed, attached as Exhibit "1";
>   
>   (2) all pleadings asserting causes of action, along with all other documents included in the state court file, attached as Exhibit "2"; and
>   
>   (3) a list of all counsel of record, including addresses, telephone numbers, parties represented, attached as Exhibit "3," and
>   
>   (4) the state court docket sheet, attached as Exhibit "4."

8. No docket control order has been issued as of the date of this filing.

9. Under 28 U.S.C. §1442(a), venue of the removed action is proper in this Court as this is the district where the state action is pending.

10. Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d). Defendants will also promptly file a copy of this Notice of Removal with the Clerk of the 269th Judicial Court of Harris County, Texas, where the action is currently pending, pursuant to §1446(d).

### III.    BASIS FOR REMOVAL

11. All of Defendants consent to removal. Defendants would show the basis for removal is federal question jurisdiction under 28 U.S.C. §1331.

12. Plaintiff has asserted claims of wrongful arrest and excessive force under 42 U.S.C. § 1983 and seeks damages relating to those claims. Plaintiff also asserts common law state claims of negligence and negligent hiring/training/supervision and this Court has supplemental jurisdiction over those claims. 42 U.S.C. §1367.

13. Thus, removal is proper as to all of Plaintiff's claims.

### PRAYER

Based on the foregoing, Defendants The City of Baytown, Jason Stover, Javier Galindo, and Troy A. Crawford pray that this case be removed to the United States District Courts for the Southern District of Texas, and for all other relief to which they may be entitled.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**

By: */s/ Steven D. Selbe*
Steven D. Selbe (Attorney-In-Charge)
State Bar No. 18004600
Federal Bar No. 18003
sselbe@grsm.com
Heidi J. Gumienny
State Bar No. 24036696
Federal Bar No. 36890
hgumienny@grsm.com
Allison K. Wells
State Bar No. 24107958
Federal Bar No. 3293446
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)
(713) 961-3938 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served upon the following, on this the 22nd day of March, 2019.

Scott R. Brann                              **By ECF and Email**
Brann Sullivan Trial Lawyers, PLLC
602 Sawyer St., Suite 700
Houston, Texas 77007

*/s/ Steven D. Selbe*
STEVEN D. SELBE